IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BILLINGNETWORK PATENT, INC.,**<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>**MYCASE, INC. and APPFOLIO, INC.,**<br><br>　　　　　　　　　Defendants. | Case No. 1:14-cv-1426<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Billingnetwork Patent, Inc. ("BNP") complains of MyCase, Inc. and AppFolio, Inc. (collectively, "Defendants") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

### THE PARTIES

2. Billingnetwork Patent, Inc. is a Florida corporation that has its principal place of business at 440 North Wells Street, Suite 640, Chicago, Illinois 60654. BNP owns United States Patent No. 6,374,229 (the "'229 Patent"), which is entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System," which issued on April 16, 2002 (Exhibit A). BNP has the exclusive right to license and enforce the '229 Patent and to collect all damages for infringement. BNP also has standing to sue for infringement of the '229 Patent.

3. Upon information and belief, MyCase, Inc. is a California corporation with its principal place of business at 9710 Scranton Road, Suite 130, San Diego, California 92121.

4. Upon information and belief, AppFolio, Inc. is a Delaware corporation with its principal place of business at 50 Castilian Drive, Goleta, California 93117.

5. Upon information and belief, MyCase, Inc. was acquired by AppFolio, Inc. in October 2012.

## JURISDICTION AND VENUE

6. Defendants own, operate and conduct business through their website www.mycase.com in this judicial district and throughout the United States.

7. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because Defendants operate and conduct business through the interactive website www.mycase.com in the state of Illinois and offer for sale and sell services that are covered by the claims of the '229 Patent in this judicial district.

9. Defendants are currently doing business in this judicial district, have purposefully availed themselves of the privilege of conducting business with residents of this judicial district, have purposefully reached out to residents of this judicial district, and have established sufficient minimum contacts with the State of Illinois such that they should reasonably and fairly anticipate being haled into court in Illinois.

10. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

## COUNT I – PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 6,374,229

11. BNP realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

12. Defendants own the website www.mycase.com and/or related URLs.

13. Defendants operate the website www.mycase.com and/or related URLs.

14. Defendants provide on their website www.mycase.com and/or related URLs their MyCase web-based legal practice management software.

15. Defendants' MyCase web-based legal practice management software includes one or more database servers.

16. Defendants provide on their website www.mycase.com a homepage accessible through the internet by users of the MyCase web-based legal practice management software.

17. Defendants provide on their website www.mycase.com a homepage which provides access to the one or more database servers to users of the MyCase web-based legal practice management software.

18. Defendants provide on their website www.mycase.com a homepage which a user must enter a user ID and password to obtain access to the user's account.

19. Defendants provide on their website www.mycase.com a homepage which a user must enter a user ID and password to obtain access to the user's account, thereby providing only secure access to the system.

20. The MyCase web-based legal practice management system includes a means for providing electronic transfer of billing and data entry forms to a user.

21. The MyCase web-based legal practice management system produces billing invoices and statements to clients and customers of the user.

22. The MyCase web-based legal practice management system provides a user with a means to view and query data and billings information in the one or more database servers.

23. The MyCase web-based legal practice management system includes a PC type computer electronically connected to the one or more database servers.

24. Defendants have directly infringed and continue to directly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(a) by manufacturing, hosting, using, selling, licensing the use of, offering for sale and offering the license to use the MyCase web-based legal practice management system.

25. Defendants have indirectly infringed and continue to indirectly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of the claim. Defendants have had knowledge of the '229 Patent by at least as of the filing of this complaint. Defendants have knowingly and actively induced infringement of Claim 1, for example, by creating, providing and promoting their [www.mycase.com](www.mycase.com) website, and by instructing, aiding, assisting and encouraging the use, purchase and/or license of their MyCase web-based legal practice management system in a manner that infringes Claim 1 of the '229 Patent. The direct infringers of those claims that are being induced by Defendants include, without limitation, their customers, clients, subscribers and/or users that use, purchase and/or license their MyCase web-based legal practice management system.

26. Defendants have also indirectly infringed and continue to indirectly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(c) through, among other things, making and/or using their MyCase web-based legal practice management system and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the use, purchase and/or license of their MyCase web-based legal practice management system, which constitutes a material part of the patented system of Claim 1 of the '229 Patent, which Defendants know is especially made or adapted for use in an infringement of Claim 1 of the '229

Patent, and which is not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for Defendants' contributory infringement under 35 U.S.C. § 271(c) include, without limitation, their customers, clients, subscribers and/or users that use, purchase and/or license their MyCase web-based legal practice management system.

27.     The acts of infringement of the '229 Patent by Defendants have injured BNP, and BNP is entitled to recover damages adequate to compensate it for such infringement from Defendants, but, in no event less than a reasonable royalty.

28.     Further, the acts of infringement of the '229 Patent by Defendants have injured and will continue to injure BNP unless and until this Court enters an injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '229 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BNP respectfully requests that this Court enter judgment against the Defendants MyCase, Inc. and AppFolio, Inc. and against their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.     An award of damages adequate to compensate BNP for the infringement that has occurred, together with prejudgment interest from the date infringement of the '229 Patent began, but, in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284;

B.     A finding that this case is exceptional and an award to BNP of its attorneys' fees and costs as provided under 35 U.S.C. § 285;

C.     A permanent injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '229 Patent; and

D. Such other relief that BNP is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

BNP demands a trial by jury on all issues presented in this Complaint.

Dated: February 27, 2014

Respectfully submitted,

*/s/ Ashley E. LaValley*
Timothy J. Haller
Ashley E. LaValley
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
alavalley@nshn.com

**Attorneys for Plaintiff, Billingnetwork Patent, Inc.**